IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| PARRIS BENARD GARRISON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:04-CV-0056 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

REPORT AND RECOMMENDATION TO DENY
PETITION FOR WRIT OF HABEAS CORPUS

Parris Benard Garrison has filed a petition for writ of habeas corpus by a person in state custody challenging his conviction for aggravated robbery. For the reasons set forth hereinafter, the United States Magistrate Judge is of the opinion the petition should be DENIED.

A.
Parties

Petitioner Parris Benard Garrison, TDCJ-CID #1125670, is in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division, as a result of a conviction for the offense of aggravated robbery out of the 251st District Court, Potter County, Texas, Cause No. 45006-C.

HAB54\R&R\GARRISON.dny:1

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

B.
Background and Procedural History

The defendant entered a plea of not guilty and a jury trial ensued. The facts developed at the trial established that Kwame Sarpong engaged the services of a prostitute, Candace Gaines, on the evening of February 9, 2002, and at her direction, drove her to an abandoned house. (2 Rep. R. 121, 124). There, petitioner and another man, Tim Ashley, confronted Sarpong and demanded his wallet and car keys. (2 Rep. R. 128-29). After removing $140 from Sarpong's wallet, petitioner was angry that Sarpong had no more money. Petitioner pulled out a knife and swung it at Sarpong, striking Sarpong in the left elbow and inflicting a cut approximately three inches long. (2 Rep. R. 129). Petitioner then took Sarpong's ATM card and demanded his personal identification number (PIN) to access Sarpong's bank account. Sarpong gave petitioner a false PIN number. (2 Rep. R. 133). Petitioner and Gaines left in Sarpong's car, leaving Sarpong with Ashley. Petitioner returned about thirty minutes later, upset that the PIN number was incorrect. When petitioner again brandished the knife, Sarpong gave him a second (also incorrect) PIN number, and petitioner and Gaines again left in Sarpong's car. Sarpong remained behind with Ashley. Petitioner returned and began fighting with Ashley. Sarpong took that opportunity to escape and flag down a police officer.[1] (2 Rep. R. 141-42).

---

[1] Sarpong conceded at trial that he was not truthful when he first reported the robbery to the police and failed to tell them about hiring a prostitute. Defense counsel used Sarpong's varying stories and unsavory activities as a basis for challenging the accuracy of his testimony. (3 Rep. R. at 110-112, 119).

Petitioner was indicted and tried in Cause No. 45006-C in the 251st District Court of Potter County, Texas for the aggravated robbery of Kwame Sarpong occurring on or about February 9, 2002. (Clerk's R. 3). Trial commenced June 3, 2002. A jury found petitioner guilty of aggravated robbery and assessed a punishment of seventy (70) years confinement in the Texas Department of Justice, Institutional Division, and a $10,000 fine. (Clerk's R. 40, 44). The Court of Appeals for the Seventh District of Texas affirmed petitioner's conviction and sentence on direct appeal. *Garrison v. Texas*, No. 07-02-0261-CR (Tex. App.–Amarillo May 5, 2003). Petitioner did not seek discretionary review from the Texas Court of Criminal Appeals.

Petitioner filed an application for state writ of habeas corpus on October 6, 2003. The Texas Court of Criminal Appeals denied the application without written order on January 28, 2004. *Ex parte Garrison*, Application No. 57,765-01 (Tex. Crim. App. Jan. 28, 2004). Petitioner filed his federal petition for writ of habeas corpus on March 10, 2004.[2]

### C.
### Issues

Petitioner alleges the following as grounds for relief:

1. He was convicted under a statute that is unconstitutionally vague on its face and as applied in his case.

2. His conviction was based on insufficient evidence.

3. He was denied the effective assistance of counsel because his attorney:

   a. failed to request an accomplice witness instruction be included in the charge;

---

[2] A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

  b.  tampered with a witness and convinced him to lie during his testimony; and

  c.  convinced petitioner to reject a plea bargain with the State.

D.
Rule 5 Statement

Respondent contends that petitioner failed to exhaust his state remedies with respect to Issue 3(b) by not presenting this complaint to the state court during his direct appeal or in his state habeas application, but does not move for dismissal on this ground.

E.
Standard of Review

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Factual determinations by a state court are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). When the Texas Court of Criminal Appeals denies relief on a state habeas corpus application without written opinion, as it did in petitioner's case, that ruling is considered an adjudication on the merits and entitled to the presumption of correctness. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

### F.
### Merits

### 1.
### Vagueness

Petitioner asserts that the statutes outlining the elements of robbery and aggravated robbery are unconstitutionally vague on their face and as applied in his case. He complains the deadly weapon factor, which elevates robbery, a second degree felony, to aggravated robbery, a first degree felony, is an issue improperly left to the jury's arbitrary and subjective determination. *See generally* Tex. Penal Code Ann. §§ 29.02, 29.03 (outlining elements of robbery and aggravated robbery).

Petitioner's vagueness challenge was reviewed and rejected on direct appeal. *Garrison*, No. 07-02-0261, slip op. at 2-3. Accordingly, the federal courts cannot grant relief on this same

complaint unless petitioner can demonstrate the state court resolution was contrary to or involved an unreasonable application of clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.

Generally, the void-for-vagueness doctrine requires a penal statute to define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and, to define it in a manner that does not encourage arbitrary and discriminatory enforcement. *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858 (1983). State convictions obtained under vague statutes have been found to be violative of the Due Process Clause. *See id.*; *Springer v. Coleman*, 998 F.2d 320, 322 (5th Cir. 1993).

In Texas, a person commits the offense of robbery if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he:

(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

Tex. Penal Code Ann. § 29.02(a) (Vernon 1994).

A person commits the offense of aggravated robbery if he commits robbery as defined in Section 29.02, and:

(1) causes serious bodily injury to another; [or]

(2) uses or exhibits a deadly weapon.

Tex. Penal Code Ann. § 29.03(a) (Vernon 1994).

The Texas Court of Criminal Appeals has specifically held that Section 29.03 is not

unconstitutionally vague, and petitioner demonstrates no basis for questioning the reasonableness of that determination. *See generally Honea v. State*, 585 S.W.2d 681 (Tex. Crim. App. 1989). The statutes governing robbery and aggravated robbery make a clear distinction between the offenses. Aggravated robbery places a greater burden on the state to prove all of the elements of robbery plus, as relevant to petitioner's case, the use or exhibition of a deadly weapon. *Cf. Buckley v. Collins*, 904 F.2d 263, 266-67 (5th Cir. 1990)(rejecting vagueness challenge to Texas statutes defining elements of rape and aggravated rape). A person of reasonable intelligence has fair notice of what conduct the aggravated robbery statute prohibits as compared to the robbery statute.

Petitioner asserts that the phrase "uses or exhibits a deadly weapon" is too vague. Texas law, however, defines a deadly weapon as anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. Tex. Penal Code Ann. § 1.07(a)(17) (Vernon 1994). This definition was provided to the jury in the charge to the jury on the issue of petitioner's guilt or innocence. (Clerk's R. 36).

Petitioner argues there are a number of hypothetical situations where an innocuous object could erroneously be found to be a deadly weapon. That, however, is not the issue before this Court, nor is such the appropriate inquiry. Petitioner must prove the statute is unconstitutionally vague as applied to the circumstances of his particular case. *See Ferguson v. Estelle*, 718 F.2d 730, 735 (5th Cir. 1983)(holding that petitioner has no standing to complain about vagueness of law as applied to others). *See also United States v. Powell*, 423 U.S. 87, 93, 96 S.Ct. 316, 320, 46 L.Ed.2d 228 (1975)(holding statute not vague simply because of potential uncertainty regarding the hypothetical reach of the statute). Petitioner's victim, Kwame Sarpong, testified that petitioner demanded his wallet, displayed a pocket knife during the robbery, and swung the knife at Sarpong,

cutting Sarpong's leather jacket and inflicting a three-inch cut to Sarpong's elbow. (2 Rep. R. 128-31, 137). Petitioner's argument that the Texas penal statutes did not give him fair notice that his conduct was prohibited and failed to give the jury sufficient guidance with respect to the elements of aggravated robbery is meritless. Petitioner's argument is really that the evidence is insufficient to support the conviction, *i.e.*, that there is not sufficient evidence to show the knife used was capable of causing death or serious bodily injury. This argument is addressed below, and is clearly a different argument from an argument that the statute is impermissibly vague. Petitioner has not demonstrated that the state court, in rejecting his complaints of vagueness, reached an unreasonable determination in light of the facts developed at trial or acted contrary to clearly established federal law.

2.
Insufficient Evidence

Petitioner contends his conviction is not supported by sufficient evidence. Respondent asserts petitioner has procedurally defaulted this claim by failing to challenge the sufficiency of the evidence on direct appeal.

Texas state procedural rules require insufficiency claims to be raised on direct appeal, and such claims may not be brought in a state application for writ of habeas corpus. *Renz v. Scott,* 28 F.3d 431, 432 (5th Cir. 1994); *Clark v. Texas,* 788 F.2d 309, 310 (5th Cir. 1986). The federal courts generally will not review a question of federal law decided by the state court if the decision of the state court rests upon grounds that are independent of the merits of the claim and adequate to support that judgment. *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir.), *cert. denied*, 116 S.Ct. 557 (1995). If, however, the face

of the state court opinion does not clearly show that the court's decision was based upon adequate and independent state law grounds or include a plain statement which clearly and expressly provides that such was the case, the federal courts will presume that the state court decision was based upon federal law. *Coleman v. Thompson*, 501 U.S. 722, 735, 111 S.Ct. 2546, 2557, 115 L.Ed.2d 640 (1991); *Shaw v. Collins*, 5 F.3d 128, 131 (5th Cir. 1993).

The state trial court entered a concise two-page order finding no controverted, previously unresolved facts material to the legality of petitioner's confinement and recommended that relief be denied. *Ex parte Garrison*, Application No. 57,765-01, at 62-63. The Texas Court of Criminal Appeals then denied the application without written order. *Id*. at cover. The denial without written order does not make it clear that the state court relied upon adequate and independent state grounds in denying relief, namely the procedural bar asserted by Respondent. Consequently, the procedural default rule does not preclude federal court review of petitioner's challenge to the sufficiency of the evidence.

Petitioner does not dispute the existence of facts sufficient to support a robbery conviction. Instead, he focuses his complaint on whether the evidence was sufficient to establish the use or exhibition of a deadly weapon, a fact which elevates a robbery to aggravated robbery. *Compare* Tex. Penal Code Ann. § 29.02(a) *with* Tex. Penal Code Ann. § 29.03(a). Petitioner complains the pocket knife used during the robbery was not introduced into evidence, and further contends a pocket knife cannot be considered a deadly weapon *per se*. The standard of review for a challenge to sufficiency of the evidence is whether, when viewed in the light most favorable to the verdict, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

While it is true that a knife is not a deadly weapon *per se*, the state can, without expert testimony, prove a particular knife to be a deadly weapon by showing its size, shape and sharpness, the manner of its use, or intended use and its capacity to produce death or serious bodily injury. *Tisdale v. State*, 686 S.W.2d 110, 111 (Tex. Crim. App.1984). In determining the deadliness of a weapon the jury may consider all of the facts of the case, including words spoken by the accused. *Id*.

Although the knife was not offered as an exhibit at petitioner's trial, there is no requirement the State introduce the exact knife used in a robbery to meet its burden of proof that a defendant exhibited a deadly weapon. *Rose v. Johnson*, 141 F. Supp.2d 661, 682 (S.D. Tex. 2001)(citing *Morales v. State,* 633 S.W.2d 866, 868-69 (Tex.Crim.App.1982), and *Victor v. State,* 874 S.W.2d 748, 751 (Tex. App.--Houston [14th Dist.] 1994, pet. ref'd)). Mr. Sarpong testified that petitioner had a pocket knife and used that knife, swinging it toward Sarpong's chest. Mr. Sarpong blocked the blow with his left elbow, but the knife blade punched a hole in his leather jacket and he sustained a three-inch cut to his elbow. (2 Rep. R. 129, 137-38). He also testified that he was afraid for his life. (2 Rep. R. 132, 145). In addition, and critical to this issue, the police officer who initially responded to Sarpong's report testified that, based on his training and experience, a pocket knife could cause serious bodily injury or death. (2 Rep. R. 175).

The issue presents a close question as to whether the pocket-type knife described by the witnesses was, in fact, capable of causing serious bodily injury or death. Even though the issue presented may be close, in the final analysis, this Court must give the state court decision the deference required by the AEDPA, and cannot merely substitute its judgment for that of the state court or rule *de novo*. Review of the trial record shows there was sufficient testimony and evidence

before the jury to allow the jury to find the knife used in the commission of the offense capable of causing death or serious bodily injury. Since the evidence would permit a reasonable jury to find petitioner used or exhibited a deadly weapon, petitioner's sufficiency of the evidence claim fails.

3.
Ineffective Assistance of Trial Counsel

Petitioner contends he was denied the effective assistance of counsel. He asserts trial counsel was generally unmotivated, and more specifically, failed to request or object to the omission of a jury instruction on accomplice witness testimony, instructed a witness to lie during his testimony, and persuaded petitioner not to accept the State's plea bargain offer.

The two-pronged standard by which a claim of ineffective assistance of counsel is measured is set forth in *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 2070, 80 L.Ed.2d 674 (1984). The first prong of *Strickland* requires the defendant to show that counsel's performance was deficient in that the errors made were so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. *Id*. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d 674. The second prong requires the defendant to show prejudice by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. at 694, 104 S.Ct. at 2068, 80 L.Ed. 2d 674. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d 674.

The state court, in denying petitioner's application, implicitly rejected petitioner's complaints about his trial counsel. A claim of ineffective assistance is a mixed question of law and fact. *Strickland*, 466 U.S. at 698, 104 S.Ct. at 2070, 80 L.Ed.2d 674. Therefore, the federal court cannot

grant habeas relief unless the state court's rejection of the claim involved an unreasonable application of the law to the facts. 28 U.S.C. § 2254(d)(1).

### a.
### Accomplice Witness Instruction

Accomplice Tim Ashley testified at trial and generally corroborated the victim's testimony. Petitioner complains of counsel's failure to request an accomplice witness instruction be included in the jury charge on guilt-innocence or object to the absence of such an instruction in the charge. *See generally* Tex. Code Crim. Proc. Ann. § 38.14 (Vernon 1979)(requiring corroboration of accomplice witness testimony). Petitioner's complaint is frivolous. The jury charge includes an accomplice witness instruction. (Clerk's R. 37).

### b.
### Suborning Perjury

Petitioner also asserts counsel, hoping to secure a not guilty verdict, told defense witness Devlon Jones to testify untruthfully. Respondent asserts petitioner failed to present this particular complaint to the state courts.

A petition for writ of habeas corpus shall not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. § 2254(b), (c). A claim must be presented to the highest court of the state to satisfy the exhaustion of state court remedies requirement. *Richardson v. Procunier*, 762 F.2d 429, 430 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). The exhaustion requirement is not met if a petitioner presents new legal theories or new factual claims in his federal application. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

The general rule that a state court must explicitly apply a procedural bar to preclude federal

review is not applicable to those cases where the petitioner failed to exhaust his state court remedies and the state court to which he would be required to present his unexhausted claims would now find those claims procedurally barred. *Coleman v. Thompson*, 501 U.S. 722, 735, 111 S.Ct. 2546, 2557, 115 L.Ed. 2d 640 (1991). In such cases, there is a procedural default precluding federal habeas review. *Id.* If the federal courts required petitioner to return to the Texas Court of Criminal Appeals to satisfy the exhaustion requirement, that court would apply the Texas abuse of the writ doctrine. *See* Tex. Code Crim. Proc. Ann. art. 11.07, §4 (Vernon Supp. 1997). Abuse of the writ qualifies as a procedural bar. *See Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995).

A petitioner may overcome the bar by showing both cause for the default and actual prejudice attributable to the default. *Coleman*, 501 U.S. at 751, 111 S.Ct. at 2565; *Wainwright v. Sykes*, 433 U.S. 72, 87-88, 97 S.Ct. 2497, 2506-07, 53 L.Ed. 2d 594 (1977). Petitioner does not argue and the record does not show cause to overcome the procedural bar.[3] Nor does petitioner demonstrate

prejudice. He has made a serious charge with no record or facts to support his assertion. Federal review of petitioner's complaint is procedurally barred.[4]

### c.
### Plea Bargain Advice

Petitioner also complains that counsel persuaded him not to accept a fifteen-year plea bargain

---

[3] Although a petitioner also may avoid a procedural bar by establishing that a fundamental miscarriage of justice will result from application of the bar, this requires an assertion of actual innocence. *See Glover v. Cain*, 128 F.3d 900, 904 (5th Cir. 1997). Petitioner does not make that assertion here, and cannot demonstrate that a miscarriage of justice would result if the federal courts enforce the procedural bar.

[4] Petitioner also asserts that counsel talked with Candace Gaines without her attorney's approval. He did not exhaust this claim with the state courts either. And even if the accusation is true, Gaines did not testify at trial, and petitioner fails to demonstrate any prejudice to his case as a result of counsel's conduct.

offer by promising him that he would be going home at the end of trial. As support, petitioner supplies a self-serving letter that he sent to the state trial court several weeks after his conviction. Post-conviction assertions by a petitioner that he wanted to plead guilty but for counsel's advice are viewed with suspicion. *See Green v. Johnson*, 46 F. Supp. 2d 614, 622-23 (N.D. Tex. 1999).

However, petitioner did not provide this letter, or any letter or any factual allegation summarizing the letter, as part of his state habeas application. Instead, he alleged in the state court only that counsel had misled him into going to trial knowing that he would be convicted. *Ex parte Garrison*, Application No. 56,765-01 at 8. Petitioner did not advise the state habeas court there had been a plea bargain offer, nor did he allege counsel had made sweeping promises to persuade him to reject the offer. The state habeas court had no evidence of a plea bargain offer, no evidence from defense counsel addressing any conversations he had with petitioner involving a plea bargain offer, and no evidence from an unnamed family member who was allegedly told by defense counsel that petitioner would be "coming home."[5] (Plf. Mem. in Support, p. 7(c)). By not presenting the specifics of this portion of his ineffective assistance of counsel claim to the state courts, petitioner has failed to exhaust his state court remedies. Further, petitioner has no right to develop the specifics of this claim at the federal level. He has no right to an evidentiary hearing after failing to diligently develop the record in the state court. *See Riddle v. Cockrell*, 288 F.3d 713, 719 (5th Cir. 2002); *Dowthitt v. Johnson*, 230 F.3d 733, 758 (5th Cir. 2000). *See generally* 28 U.S.C. § 2254(e)(2) (outlining requirements for an evidentiary hearing in habeas proceedings). Petitioner's conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue. *See Green v. Johnson*, 160 F.3d 1029, 1042-1043 (5th Cir. 1998).

---

[5] In particular, obtaining affidavits from family members is generally easy and not considered cost prohibitive. *Dowthitt v. Johnson*, 230 F.3d 733, 758 (5th Cir. 2000).

Defense counsel filed a variety of pretrial motions, cross-examined the State's witnesses on relevant issues and emphasized inconsistencies in the evidence, called a defense witness to testify about events on the evening of the robbery, and presented appropriate and relevant closing arguments at both stages of trial. Petitioner has not demonstrated that the state court's rejection of his claim of ineffective assistance of counsel was contrary to or an unreasonable application of federal law.

## RECOMMENDATION

It is recommended that the petition for writ of habeas corpus be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to the petitioner and to counsel of record for the respondent by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 14th day of December 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* **NOTICE OF RIGHT TO OBJECT** \*

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).